# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                                             Case No. 09-CR-271

**ANDRE WINBUSH**
        **Defendant.**

## ORDER

On October 27, 2009, the government obtained an indictment charging defendant Andre Winbush with conspiracy to distribute cocaine and two substantive distribution counts. (R. 1.) The indictment contained a forfeiture notice listing a 2005 Nissan Pathfinder. (R. 1 at 9.) On July 8, 2011, defendant pleaded guilty to the conspiracy count. (R. 125.) As part of his plea agreement with the government, defendant agreed to the forfeiture of the property listed in the indictment and to the immediate entry of a preliminary order of forfeiture. (R. 124 at 8 ¶ 28.) On September 7, 2011, I entered a preliminary order forfeiting defendant's interest in the 2005 Nissan Pathfinder. (R. 135.) On December 16, 2011, I sentenced defendant to 84 months in prison. The minutes of the sentencing hearing record the forfeiture of the Pathfinder (R. 146 at 2), and the judgment entered on December 19, 2011, also recounts the forfeiture of that vehicle (R. 147 at 6). Defendant took no appeal. (R. 148.)

On January 4, 2012, the government filed a notice of forfeiture of the 2005 Nissan Pathfinder. (R. 149.) No third-party claims having been filed, on March 14, 2012, I entered a final order of forfeiture giving the government clear title to the vehicle. (R. 172.) On March 30, 2012, the United States Marshal filed a process receipt, indicating the vehicle would be put on

the next auction. (R. 174.)

On March 6, 2015, defendant filed a "motion for release of assets." (R. 184.) In the motion, he indicates that on the date of sentencing the court inquired if the U.S. Attorney had filed the necessary paperwork to forfeit the vehicle. The U.S. Attorney indicated that they had not, upon which the court indicated that it would not be taking up the issue of forfeiture. Defendant indicates that he was never served with forfeiture paperwork thereafter, and no hearing was held. He indicates that the court, without proper paperwork and without a hearing, nevertheless forfeited the vehicle on March 14, 2012. On November 17, 2014, unaware of the forfeiture, defendant wrote the U.S. Attorney's office seeking return of the vehicle. The U.S. Attorney's Office responded on December 30, 2014, including the order which he saw for the first time in January 2015. He contends that the notice and hearing requirements of 21 U.S.C. § 853 have not been satisfied and therefore requests return of the asset or its cash value.

As recounted above, the record shows that the government did pursue (and I entered a preliminary order of) forfeiture of the vehicle prior to the sentencing hearing. The forfeiture was also referenced at the sentencing hearing and in the written judgment of conviction. Defendant received the notice and process required by law, see Fed. R. Crim. P. 32.2(a) & (b), and he may not now contest the forfeiture. See Young v. United States, 489 F.3d 313, 315 (7th Cir. 2007) ("[A] criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all[.]"). The March 12, 2012, final order about which defendant complains disposed of the rights of third parties. Defendant's interest was extinguished through his plea, the preliminary order, and the judgment of conviction. See id. His motion for return of the vehicle accordingly must be dismissed for lack of subject matter jurisdiction. See id. at 316.

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 184) is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 11th day of March, 2015.

                                         /s Lynn Adelman
                                         LYNN ADELMAN
                                         District Judge